## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **AARON TREJO** | § | |
| | § | **CIVIL ACTION NO.** |
| **VS.** | § | |
| | § | **PLAINTIFF DEMANDS A TRIAL BY** |
| | § | **JURY** |
| **SEA HARVEST, INC.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AARON TREJO, hereinafter referred to as 'Plaintiff', complaining of SEA HARVEST, INC., hereinafter referred to as 'Defendant', and would respectfully show as follows:

### I.
### JURISDICTION

1.     This Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the lawsuit involves admiralty and maritime jurisdiction.  Plaintiff's claims are maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

### II.
### PARTIES

2.     Plaintiff, AARON TREJO, is an individual and a citizen of the State of North Chesterfield, Virginia.  Plaintiff resides in Chesterfield County.

3.     Defendant, SEA HARVEST, INC., is a New Jersey corporation doing business in the District of Massachusetts.  This Defendant has not registered with the Corporations Division for the Secretary of the Commonwealth of Massachusetts, but said Defendant may be served using the Secretary of the Commonwealth as agent for service of process.   Defendant's principal place of business is located at SEA HARVEST, INC., C/O Barry Cohen, 985 Ocean Drive, Cape May, New Jersey 08204.

### III.
### VENUE

4.     Venue is proper in this district under 28 U.S.C. 1931(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.
### FACTS

5.     Plaintiff, AARON TREJO, would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about August 9, 2020.

6.     On or about August 9, 2020, Plaintiff, AARON TREJO, sustained injuries during the course and scope of his employment as a commercial fisherman for Defendant, SEA HARVEST, INC.  At all material times hereto, Plaintiff was a Jones Act seaman employed by Defendant, SEA HARVEST, INC..

7.     At all material times, Plaintiff was employed in service of the F/V ATLANTIC BOUNTY, a commercial fishing vessel, and Plaintiff was a member of said vessel's crew.  At all material times, the F/V ATLANTIC BOUNTY was owned, operated, and/or controlled by Defendant, SEA HARVEST, INC., and said vessel was in navigable waters at or near New Bedford, Massachusetts

8.     On or about August 9, 2020, employees and/or agents of Defendant, SEA HARVEST, INC., negligently caused Plaintiff to sustain injuries in service of the F/V ATLANTIC BOUNTY.

9.     At the time of the occurrence, a winch on a barge had broken, and Plaintiff was forced to carry and heave a very heavy wire cable without assistance.  As a result of the occurrence, Plaintiff sustained serious and debilitating injuries to his right shoulder and right upper extremity, among other parts of his body. Despite his injuries and continued symptoms, Defendant, SEA HARVEST, INC. failed to provide prompt and adequate medical attention to the Plaintiff.

10.     To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the

time of the occurrence in question, the same was not disabling, and he would respectfully show

that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit

to such an extent that it became disabling, bringing about the necessity of medical treatment.

**V.**
**FIRST CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT**

11.     On or about August 9, 2020, Defendant, SEA HARVEST, INC., was negligent, and said

negligence was a proximate cause of Plaintiff's injuries.   At all relevant times, it was feasible for

Defendant, SEA HARVEST, INC., to provide to Plaintiff, and said Defendant owed to Plaintiff,

duties of care to provide, inter alia, a safe place to work.   Plaintiff further contends that on the

occasion in question, Defendant, SEA HARVEST, INC., acting through its officers, agents, servants

and/or employees, was careless and negligent in the following respects:

      a.      In failing to provide a safe work environment;
      b.      In failing to properly supervise and oversee the operation at hand;
      c.      In failing to properly train and supervise the vessel's crew;
      d.      In failing to provide adequate mechanical assistance to Plaintiff;
      e.      In failing to provide additional crewmembers to perform the task at hand;
      f.      In failing to heed Plaintiff's requests for help;
      g.      In failing to adequately inspect and maintain the winch in question;
      h.      In failing to provide prompt and adequate medical attention; and,
      i.      Other acts of negligence as proven at time of trial.

12.     On said date, and as a direct and proximate result of the negligent acts of Defendant, SEA

HARVEST, INC., Plaintiff developed severe and debilitating injuries to his right shoulder and right

upper extremity, among other parts of his body.    Said occurrence and said injuries occurred as a

result of the negligence of Defendant, SEA HARVEST, INC., its agents, servants and/or employees,

acting in the course and scope of their employment and agency.

## VI.

## SECOND CAUSE OF ACTION FOR VESSEL UNSEAWORTHINESS

13.     At all times material hereto, Defendant, SEA HARVEST, INC., owned, operated, and/or controlled the F/V ATLANTIC BOUNTY.  At all relevant times it was feasible for said Defendant to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendant, SEA HARVEST, INC., breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about August 9, 2020, Defendant, SEA HARVEST, INC., was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

   a.      The vessel had an incompetent master and/or crew;
   b.      The vessel lacked sufficient, trained crewmembers to perform the task at hand;
   c.      The winch in question was not in working order; and,
   d.      Other unseaworthy conditions as proven at time of trial.

14.     Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, SEA HARVEST, INC., is liable to Plaintiff in damages.

## VII.
## THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE

15.     As an employee and seaman of Defendant, SEA HARVEST, INC., Plaintiff is entitled under the General Maritime Law to the payment of maintenance and cure and unearned wages through the end of the hitch in which he was injured.

16.     On or about August 9, 2020, and on other dates thereafter, and ever since, Defendant, SEA HARVEST, INC., has been untimely in tendering maintenance and cure benefits to

Plaintiff, in breach of duties said Defendant owes to Plaintiff.  Defendant's failure to promptly pay maintenance and cure benefits has caused a significant delay in Plaintiff's receipt of medical treatment and recovery.  In addition, at least one medical provider has refused to provide any additional treatment to Plaintiff because prior balances remain outstanding.  Plaintiff further alleges that it was, and still is, the duty of Defendant, SEA HARVEST, INC., as his employer, to furnish him with maintenance and cure and loss of wages on a reasonably prompt basis.  Plaintiff further alleges that Defendant, SEA HARVEST, INC., has unreasonably, arbitrarily, willfully and capriciously refused to timely pay full maintenance and cure benefits to him, and such sums were due and owing.  As a result of said Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of his injuries, pain and suffering, and additional expenses.

17.     Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

18.     By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, SEA HARVEST, INC., is liable to Plaintiff:

      a.     Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;

b.      Physical and emotional injury, pain and suffering;
c.      Prolongation and or aggravation of injuries;
d.      Indebtedness for health care expenses;
e.      Indebtedness for daily living expenses;
f.      Prejudgment interest; and,
g.      Attorneys' fees.

19.      All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## IX.
## DAMAGES

20.      As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

21.      By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, SEA HARVEST, INC., is jointly and severally liable to Plaintiff:

a.      Reasonable and necessary medical expenses in the past and in the future;
b.      Physical pain and suffering in the past and in the future;

   c.   Mental anguish in the past and in the future;
   d.   Lost earnings;
   e.   Loss of earning capacity in the past and in the future;
   f.   Loss of household services in the past and future;
   g.   Physical disfigurement in the past and in the future; and,
   h.   Physical impairment in the past and in the future.

22. All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## X.
## JURY DEMAND

22.    Plaintiff demands a trial by jury.

## XI.
## PRAYER

23.    WHEREFORE, PREMISES CONSIDERED, Plaintiff, AARON TREJO, prays that Defendant, SEA HARVEST, INC., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**LATTI & ANDERSON LLP**

/s/ Carolyn M. Latti
Carolyn M. Latti
BBO #567-394
Latti & Anderson LLP
30-31 Union Wharf
Boston, Massachusetts 02109
(617) 523-1000 Telephone
(617) 523-7394 Facsimile
clatti@lattianderson

-AND-

**TO BE ADMITTED PRO HAC VICE**

**SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.**

_/s/ Matthew D. Shaffer*_
MATTHEW D. SHAFFER
TBA # 18085600
3200 Travis, 3rd Floor
Houston, Texas  77006
(713) 524-3500 Telephone
(866) 696-5610 Facsimile
mshaffer@smslegal.com
*Attorney will be seeking admission pro hac vice

ATTORNEYS FOR PLAINTIFF, AARON TREJO

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: June 10, 2021